17-1840-cv
*Holmes v. Schoharie Cent. Sch. Dist.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                *Circuit Judges,*
            RICHARD W. GOLDBERG,
                *Judge.* *

---

DAVID HOLMES,

       *Plaintiff-Appellant,*           17-1840-cv

       *v.*

SCHOHARIE CENTRAL SCHOOL DISTRICT, KATHRYN GERBINO,
FORMER INTERIM SUPERINTENDENT, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY,

       *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        BRYAN D. GLASS, Glass Krakower LLP,
                            New York, New York

---

* Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**            ANDREA P. DEMERS, Maynard,
                                         O'Connor, Smith & Catalinotto, LLP,
                                         Albany, New York


Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 12, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David Holmes ("Holmes") appeals from the District Court's decision to grant a motion to dismiss his complaint under 42 U.S.C. § 1983. He seeks declaratory and injunctive relief, back and front pay, and compensatory and punitive damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we briefly recount below.

Holmes, a former computer support technician for the Schoharie Central School District ("the School District"), asserts that Defendants-Appellees retaliated against him for engaging in protected activity when he agreed to speak up on behalf of a school principal, Maryellen Gillis ("Gillis"), facing termination by the School District. In December 2014, the School District received an e-discovery request from Gillis's attorney, and the School District did not alert Holmes. Later, Holmes agreed to testify as a character witness on the principal's behalf, and complied with a subpoena from Gillis's attorney requesting the email archive of Kathryn Gerbino, the former Interim Superintendent of the School District. Following that, the School District denied his health-related leave and thereafter decided to abolish his position.

Holmes contends that the District Court erred in dismissing his complaint for failure to state a claim upon which relief can be granted. Specifically, he argues that the District Court incorrectly concluded that his speech did not constitute a matter of public concern.

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (internal citations and quotation marks omitted). In reviewing a dismissal under Rule 12(b)(6), we must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Id.* (internal citations and quotation marks omitted). To determine whether a public employee's speech is constitutionally protected, we must determine whether the employee "spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) (internal citations omitted). If not, there is "no First Amendment cause of action." *Id.* As Holmes concedes, for the speech to be constitutionally protected, a court must answer both these questions in the affirmative.

We conclude that Holmes failed to state a claim. With regard to whether an employee spoke as a citizen or in his or her capacity as an employee, "[t]he critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties." *Lane v. Franks*, 573 U.S. ___, 134 S. Ct. 2369, 2379 (2014). Holmes contends that his response to the subpoena from Gillis's attorney did not fall within his typical job duties. We disagree. As the computer support technician, it was well within the scope of Holmes's ordinary duties to respond to a subpoena for

2

electronic documentation. Substantially for the reasons stated by the District Court, we conclude that Holmes failed to plausibly allege that his response to the subpoena was an act of speech as a private citizen.

Because we conclude that Holmes failed to establish that he spoke as a citizen in responding to the subpoena, we need not address whether he sufficiently alleged that his acts were related to matters of public concern.

## CONCLUSION

We have reviewed all of the arguments raised by Holmes on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 12, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk